VOCATIONAL PERSONNEL SERVICES,
INC., a Minnesota corporation,
Plaintiff,

v.

STATISTICAL TABULATING CORPO-
RATION, a Delaware corpo-
ration, Defendant.

No. 4–69–Civ. 103.

United States District Court
D. Minnesota,
Fourth Division.

July 11, 1969.

Phillip H. Smith and Merchant & Gould, Minneapolis, Minn., for plaintiff.

Norman R. Carpenter and Faegre & Benson, Minneapolis, Minn., for defendant.

## MEMORANDUM DECISION

LARSON, District Judge.

Both plaintiff and defendant have filed motions for preliminary injunctions to restrain the use of a service mark by a competitor.

The prerequisites for issuance of a preliminary injunction are irreparable injury to the party seeking the injunction and a probability of success by the party seeking the injunction at the trial of the issues.

Both parties have submitted evidence to the Court by way of affidavits and oral testimony in support of their respective positions. It appears from the evidence that plaintiff Vocational Personnel Services, Inc., (Vocational) began operating a service designed to supply part-time or temporary employees to businesses in the Twin Cities area in 1952. Plaintiff would advertise for people, usually women with office skills, to sign up with it, and then when an employer was faced with extra work, an ill secretary, or when regular employees went on vacation he would call plaintiff and obtain a temporary replacement.

In 1952 what is now Vocational was operated as a partnership by a Mr. William Burger and his wife. Mr. Burger registered in Hennepin and Ramsey Counties various business names for his new venture, using as the common base of the names the words TASK FORCE. However, he operated almost exclusively under the names TASK FORCE and VOCATIONAL or VOCATIONAL'S TASK FORCE, with the latter two forms being more commonly used since Mr. Burger had operated an employment service under the name VOCATIONAL for many years prior to 1952. Vocational has continued to use both names up to the present, with a shift in emphasis occurring recently to the use of the name TASK FORCE standing alone.

The defendant Statistical Tabulating Corporation (Statistical) began operating a temporary help service in 1957 under the name TASK FORCE and registered that name with the Commissioner of Patents in 1958. Statistical began operations in Chicago and has since branched out into an almost nationwide organization. Some time in 1968 Statistical opened an office in Minneapolis under the name TASK FORCE and began doing business in direct competition with plaintiff and other temporary help agencies in the area.

Both parties agree that in order to determine which party will probably succeed at trial this Court must decide which party had prior usage of the mark and whether there is a likelihood of confusion, deception, or mistake based on the similarity of the respective names or marks.

Defendant challenges plaintiff's use of the name TASK FORCE prior to 1957 and 1966 as being inconsistent, infrequent, and limited. Defendant points out that Vocational used TASK FORCE alone only in the Minneapolis telephone book and in help wanted advertisements in the Minneapolis newspapers. In all contact with employers the name VOCATIONAL was usually tied in with the words TASK FORCE, presumably to capitalize on its established reputation. Defendant claims that by failing to promote TASK FORCE exclusively plaintiff has lost all rights to the name and, in fact, never obtained any rights. However, examination of plaintiff's pre-1957 promotional literature reveals that plaintiff did, in fact, promote TASK FORCE alone and in combination with VOCATIONAL.

It is clear that Vocational used the words TASK FORCE exclusively in its advertisements in the help wanted ads prior to 1957 and coupled the words VOCATIONAL and TASK FORCE, with the latter emphasized in all its advertising directed to employers prior to that date. Defendant's position seems to be that use of an established name when coupled with a new name in an effort to carry over the goodwill of the established name creates no rights in the new name standing alone or when coupled with the established name. In addition, defendant claims that a subsequent user of the new name standing alone has the right to prohibit the use of the new name by the original user either alone or in combination with the old name.

It is clear to this Court that the names TASK FORCE and VOCATIONAL TASK FORCE are confusingly similar and that plaintiff was the prior user in the area covered by the request for a preliminary injunction.

■ The next question is whether plaintiff will suffer irreparable injury if defendant is allowed to continue operations pending a final adjudication of this matter. The question is made more difficult by the fact that this case is somewhat atypical. Here a small local company is seeking to restrain a large and presumably solvent national organization in contrast to the usual situation where a small business with little capital is seeking to ride along on the reputation of a larger national company. It is probable in this case that if plaintiff obtains a judgment it would be able to collect it. Therefore, it is necessary to determine whether or not any damage will

accrue to plaintiff for which money damages would be inadequate compensation.

In this respect some evidence was introduced to show that employees sent out by Statistical did not perform satisfactorily. While such evidence was not clear and convincing, it does serve to point out the type of problems which might arise. The loss of goodwill caused by such occurrences, in addition to being difficult to prove, would be almost impossible to discover. As this is a case which concerns goodwill more than direct monetary losses, an injunction is appropriate to prevent damage to plaintiff's goodwill and dilution of its reputation.

Plaintiff will submit appropriate proposed Findings of Fact, Conclusions of Law and Order for Preliminary Injunction to the Court and to counsel for defendant who will within seven days thereafter advise the Court and Counsel for plaintiff of any objections to the proposed Findings of Fact, Conclusions of Law and Order for Preliminary Injunction.